NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN GIBSON,<br><br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>VIVE SPA & SALON, LLC,<br>and<br>GINA ROSENBERGER<br>and<br>JOHN DOES 1-5, jointly, severally, or in the alternative,<br><br>　　　　　　Defendants. | Civil Action No.: 11-5403 (PGS)<br><br>MEMORANDUM & ORDER |

SHERIDAN, U.S.D.J.

　　　　This matter comes before the Court on two motions.  First, a motion to remand the matter to the Superior Court of New Jersey, Ocean County pursuant to 28 U.S.C. §1447(c) by the Plaintiff, Karen Gibson.  Second, a motion to dismiss by Defendants, Viva Spa & Salon, LLC and Gina Rosenberger ("Defendants"), pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6).  Plaintiff also seeks reimbursement for the cost of filing the remand motion.  For the reasons stated below, though filing costs will not be reimbursed, Plaintiff's motion to remand is granted, the request for reimbursement of filing costs is denied; and Defendants' motion to dismiss is denied as moot.

I.　　BACKGROUND

　　　　From around November 2008 to July 2009 Plaintiff was employed as a beautician/cosmetologist by Defendant, Vive Spa & Salon, LLC ("Vive"), a spa and beauty salon located at the Showboat Casino in Atlantic City, New Jersey.  Defendant Gina Rosenberger was

the principle of Vive during Plaintiff's employment and was Plaintiff's supervisor.  On July 9, 2009, Plaintiff was terminated for reasons that are disputed.

On July 6, 2011 Plaintiff filed a Complaint in the Superior Court of New Jersey, Ocean County, Docket No.: OCN-L-2347-11, concerning her employment and subsequent termination. Named in the suit were Vive, Rosenberger and John Does 1-5.  Plaintiff alleged claims of breach of the covenant of good faith and fair dealings, public policy tort (which Defendants allege is actually a claim under New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1), unjust enrichment, violation of the New Jersey Wage and Hour Law (N.J.S.A §34:11-56), the New Jersey Wage Payment Law (N.J.S.A. §34:11-11-4), and the Fair Labor Standards Act (29 U.S.C. §201) ("FLSA").

On September 16, 2011, Defendants filed a notice of removal to this Court, alleging subject-matter jurisdiction pertaining to the FLSA claim.  Soon after, on September 20, Plaintiff filed a notice voluntarily dismissing the federal claim.  This claim was the only federal claim set forth in the Complaint. By letter dated September 26, 2011 counsel for the Plaintiff requested that Defendant execute a consent order to remand the case.  The Defendant did not consent and filed a motion to dismiss the case on September 30, 2011.  About a week later, Plaintiff filed a timely motion to remand, alleging that because there was no longer a claim concerning either a federal statute or a federal question, this Court should not exercise supplemental jurisdiction over the remaining state law claims.  Defendants maintain that exercising jurisdiction is proper for the sake of judicial economy.

II.     DISCUSSION

    A.     Legal Standard

The issue is whether the Court should remand the matter to the Superior Court of New Jersey. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). That is, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have filed it here in the first instance. After removal, a party can move to remand the action back to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing the court's jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Before a district court may determine whether the dismissal of claims pursuant to F.R.C.P. 12(b)(6) is appropriate, the Court must first ascertain whether it has subject matter jurisdiction over the case. 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3); *see also Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). If the Court lacks subject matter jurisdiction, then it must either remand the case back to the state court or dismiss the case. 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3).

Exercising supplemental jurisdiction over state-law claims must be pursuant to 28 U.S.C. §1367. The statute states, in relevant part, that this Court may decline jurisdiction if we have "dismissed all claims over which [we have] original jurisdiction." 28 U.S.C. §137(c)(3); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1508 (3d Cir. 1996). Supplemental jurisdiction over solely state law claims (often called "pendent-claim

jurisdiction") should be considered using principles of convenience, comity, fairness, and judicial economy. *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 346 (1988); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1214-15 (3d Cir. 1991). Usually, in cases which all federal-law claims are eliminated before trial, such principles will point toward declining to exercise jurisdiction over the remaining state-law claims. *Cohill* 484 U.S. at 350 n.7 (discussing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)).

    B.    Analysis

In determining whether to exercise supplemental jurisdiction over the pendent state-law claims, *Cohill* and 28 U.S.C. §1367 are controlling. Because the only federal claim in the case has been dismissed, this court is authorized to decline jurisdiction over the remainder of the claims. 28 U.S.C. §1367(c)(3). To determine whether remand is appropriate, the Court must consider the issues of convenience, comity, fairness, and judicial economy as outlined by the Supreme Court in *Cohill*. *Id.*

In *Cohill*, a husband and wife brought claims against a university, including state claims and a federal claim (violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§612-634). *Id.* at 345-46. The defendant removed the case pursuant to 28. U.S.C. §1441(a) alleging the federal court had jurisdiction. *Id.* at 346. Later in the litigation, Plaintiffs amended their complaint deleting the only federal claim and filed a motion to remand which was granted. *Id.* Subsequently, the remand was appealed, the Supreme Court upheld the remand, stating that as long as no attempts to manipulate the forum are suspected, a removed case with only pendent claims remaining can be remanded upon a proper determination that retaining jurisdiction would

be inappropriate. *Id.* at 357[1].

As in *Cohill*, a proper determination requires considering convenience, comity, fairness, and judicial economy. As a result, the Court declines jurisdiction because (1) this Court is not significantly more convenient than state court for either party; (2) comity is best served by deciding Plaintiff's New Jersey claims in a New Jersey court; (3) there is no claim that it would be unfair to remand the matter to state court because there has been no extensive discovery conducted or significant judicial activity here; and (4) remand would not result in a waste of judicial resources.

In light of the *Cohill* considerations, declining supplemental jurisdiction is appropriate. Though Plaintiff has asked for reimbursement of remand filings, the Defendants' removal was proper based on the federal claim and there is no reason for penalizing defendant for his appropriate conduct.

On the issue of Defendants' motion to dismiss, because we decline to exercise jurisdiction, other issues should be addressed by the appropriate State court.

---

[1] This ruling, among others, became codified in 1990 in 28 U.S.C. §1367(c)(3) which states that this Court may decline jurisdiction if all claims over which it has original jurisdiction have been dismissed. 28 U.S.C. §1367(c)(3).

ORDER

For the reasons set forth in the above,

IT IS on this 11th day of September, 2012;

ORDERED that Plaintiff's motion to remand to the Superior Court of New Jersey, Ocean County is granted; and it is further

ORDERED that Defendant's motion to dismiss is denied as moot.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.
